IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NOAH K. CRAIG                                                                                          PLAINTIFF

v.                              Civil No. 14-5321

STATE OF ARKANSAS;
ASHLEY HARVEY; ARKANSAS
PAROLE BOARD; ARKANSAS
SEX OFFENDER RISK ASSESSMENT;
and the ARKANSAS DEPARTMENT
OF CORRECTION                                                                                       DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Noah K. Craig, pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.*

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

According to the allegations of the complaint, on March 12, 2006, Plaintiff was charged, in the Lassen County Superior Court in Susanville, California, with a misdemeanor crime of unlawful sexual intercourse with a minor. He was convicted and sentenced to ninety days in the county jail and thirty-six months of probation. Plaintiff states that he was not required to register as a sex offender.

On December 21, 2009, when he was released from the Arkansas Department of Correction (ADC), Plaintiff states he was told he would have to register as a sex offender. This was true despite

-1-

the fact that he was not required to register in California. On June 24, 2010, Plaintiff was scheduled for an assessment interview pursuant to the Arkansas Sex Offender Risk Assessment. Plaintiff was told if he did not appear for this interview he would be charged with failure to register as a sex offender. Plaintiff states he took with him the paper work showing he was not required to register in California. Plaintiff alleges he had to register or be taken into custody.

On August 11, 2014, Plaintiff was charged with a parole violation for failure to comply with the requirements of the Arkansas Sex Offender Registry. Plaintiff alleges that on August 27, 2014, the Arkansas Board of Parole convicted him of a parole violation on the felony offense of failure to register as a sex offender. Plaintiff appealed the conviction and it was affirmed despite the fact that Plaintiff argued that he was not subject to registration as a sex offender.

Plaintiff alleges he was coerced by the Defendants into registering. He maintains this is simply unjustifiable and the registration has violated his rights and his peace of mind as well as adversely affecting his family and friends.

As relief, Plaintiff seeks compensatory and punitive damages as well as immediate release. His request for release has been mooted by his release from imprisonment.

## II.  DISCUSSION

Under the Prison Litigation Reform Act (PLRA), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be

granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014)(quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

This case is subject to dismissal. First, the claims against the State of Arkansas are subject to dismissal. The claims are barred by the Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." Williams v. Missouri, 973 F.2d 599, 599 -600 (8th Cir. 1992) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986)). "'This bar exists whether the relief sought is legal or equitable.'" Id. (quoting Papasan, 478 U.S. at 276). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." Burk v. Beene, 948 F.2d 489, 493 (8th Cir. 1991)(citing Quern v. Jordan, 440 U.S. 332, 342 (1979)).

Similarly, the Arkansas Parole Board, the Arkansas Sex Offender Risk Assessment Committee, and the Arkansas Department of Correction, are not subject to suit under § 1983. Plaintiff's claims against an agency of the state are the equivalent of a suit against the state and Eleventh Amendment immunity precludes such claims. See Campbell v. Arkansas Department of Correction, 155 F.3d 950, 962 (8th Cir. 1998)(the ADC is entitled to sovereign immunity); Morstad v. Dep't of Corr. & Rehab., 147 F.3d 741, 743-44 (8th Cir. 1998)(Eleventh Amendment immunity bars § 1983 lawsuit against state agency or state official in official capacity even if state entity is the moving force behind deprivation of federal rights); Ark. Code Ann. § 16-93-201 (2007)(The Arkansas Parole Board is a state agency created by the Arkansas General Assembly);

Ark. Code Ann. § 12-12-921(a)(1)(2014) (the Sex Offender Assessment Committee was created by the Arkansas General Assembly and its members are appointed by the Governor with confirmation by the Senate).

Under the exception set forth in Ex Parte Young, 209 U.S. 123 (1908), "state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment." Monroe v. Arkansas State University, 495 F.3d 591, 594 (8th Cir. 2007). "In determining whether this exception applies, a court conducts a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." 281 Care Committee v. Arneson, 638 F.3d 621, 632 (8th Cir. 2011)(internal quotation marks and citation omitted). "The only question is whether [the Plaintiff has] alleged that defendant[s are, themselves], engaged in an ongoing violation of federal law." Id.

The Ex Parte Young exception does not apply in this case because the Plaintiff has not sued any state officials. In addition, he has not sought prospective injunctive relief. In his prayer for relief, Plaintiff seeks damages, both compensatory and punitive, and immediate release. The request for immediate release has been mooted by the Plaintiff's release.

Second, Plaintiff's claim that Ashley Harvey violated his parole "on a charge that [he] should never have been charged with" is subject to dismissal. Parole officers are absolutely immune from suits challenging conduct intimately associated with the criminal judicial process. Copus v. City of Edgerton, 151 F.3d 646, 649 (7th Cir. 1998) (probation officers); Demoran v. Witt, 781 F.2d 155, 157 (9th Cir. 1985) (parole officers are entitled to absolute immunity with respect to the preparation of parole revocation reports); Evans v. Dillahunty, 711 F.2d 828, 831

-4-

AO72A
(Rev. 8/82)

(8th Cir. 1983)("parole officials in deciding to grant, deny, or revoke parole, perform functions comparable to those of judges," and are, therefore, entitled to absolute immunity.).

Third, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. Plaintiff's failure to register conviction has not been reversed, set aside, or otherwise declared invalid.

### III.  CONCLUSION

For the reasons stated, I recommend that this case be dismissed because it fails to state a claim upon which relief may be granted and asserts a claim not presently cognizable under § 1983.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of April, 2015.

/s/ *Mark E. Ford*
　　HON. MARK E. FORD
　　UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)